Filed 11/12/15  P. v. Gomez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ROMAN GOMEZ,<br><br>Defendant and Appellant. | F069791<br><br>(Super. Ct. No. F13907045)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Thomas W. Casa, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Detjen, J. and Peña, J.

Richard Roman Gomez accepted a plea agreement wherein the trial court sentenced him to a suspended eight-year prison term, and then placed him on probation to allow him to complete a one-year inpatient substance abuse program. When Gomez left the program after only six days, a petition was filed alleging he violated his probation. The trial court found the allegations true and imposed the suspended prison sentence.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that after reviewing the record he did not find any arguable issues on appeal. By letter dated October 7, 2014, we invited Gomez to identify any grounds he wished this court to address. Gomez did not respond to our invitation.

Our independent review of the record did not discover any arguable issues. Accordingly we affirm the order finding Gomez violated his probation.

**FACTUAL AND PROCEDURAL BACKGROUND**

The complaint charged Gomez with possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). The complaint also alleged that Gomez (1) had one prior conviction that constituted a strike within the meaning of Penal Code section 667, subdivisions (b) through (i), and (2) had served seven prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

On March 7, 2014, Gomez pled no contest to count 1 and admitted a prior strike, and seven prison priors pursuant to a plea agreement. Defendant signed a waiver of right form thereby waiving his constitutional rights. At the sentencing hearing, the trial court struck the strike prior, struck two prior prison term enhancements, and sentenced Gomez to the upper term of three years, enhanced by five years for the Penal Code section 667.5, subdivision (b) enhancements for a total prison term of eight years. The trial court then suspended the sentence, and placed Gomez on three years' probation which required Gomez to enroll in an inpatient alcohol/drug treatment program at the Poverello House Abuse Treatment Program (Poverello House), and spend one year in jail. As part of the plea agreement Gomez waived all his presentence time credits. The trial court also

2.

ordered Gomez be released from jail when bed space became available in the drug treatment program.

A petition alleging Gomez violated his probation was filed on July 18, 2014. The petition alleged Gomez failed the Poverello House program, used narcotics while on probation, and consumed alcohol while on probation.

A contested hearing was held on the petition. The only witness to testify at the hearing was probation officer Seen Syrisack. Syrisack explained that he was Gomez's probation officer, and the conditions of probation included alcohol and narcotics restrictions, and participation in the Poverello House. Gomez violated those conditions because he did not complete the Poverello House program, and based on the police report, he admitted to police officers he violated the alcohol and narcotics restrictions. The termination report from the Poverello House indicated that Gomez left the program after six days because of a dispute with coworkers.

Defense counsel admitted Gomez left the Poverello House program in violation of the terms and conditions of his probation, but argued there was no admissible evidence that Gomez had violated the alcohol and narcotics conditions of his probation.

The trial court found Gomez had violated his probation. Gomez was thereafter sentenced to the previously imposed sentence of eight years in prison. The trial court denied Gomez's request for a certificate of probable cause on August 7, 2014.

## DISCUSSION

As stated above, appellate counsel filed a brief asserting he did not identify any arguable issues in this case. We agree. The record establishes that Gomez was required to participate in the Poverello House program as a condition of his probation. The probation officer testified that Gomez had left the Poverello House program after only six days. The probation officer's testimony was sufficiently reliable to be properly admitted. (*People v. Maki* (1985) 39 Cal.3d 707, 709.) Indeed, defense counsel admitted Gomez had not completed the Poverello House program.

3.

Gomez has a lengthy criminal history which exposed him to numerous enhancements. The trial court informed Gomez that any violation of his probation would result in imposition of the eight-year sentence. The trial court ensured that Gomez wanted to accept the plea agreement because his record indicated he would likely fail and end up in prison for a longer sentence than offered by the People.[1] Gomez stated he understood the consequences of his failure to comply with the terms and conditions of probation. Sufficient evidence established that he failed to complete the program, and therefore violated his probation.

## DISPOSITION

The order finding Gomez violated his probation is affirmed.

---

[1] The prosecutor offered to permit Gomez to plead guilty to count 1 with imposition of the midterm sentence (two years) doubled because of the strike prior for a total term of four years.